UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: DO @ KING PLOW ARTS CENTER, LLC, Debtor. | Case No. 20-60066-JWC<br>Chapter 11 |
| CENTERSTATE BANK, N.A., f/k/a National Bank of Commerce,<br><br>Movant,<br><br>v.<br><br>DO @ KING PLOW ARTS CENTER, LLC,<br><br>Respondent. | MOTION FOR RELIEF FROM AUTOMATIC STAY AND WAIVER OF HEARING REQUIREMENT |

## MOTION FOR RELIEF FROM STAY

Pursuant to 11 U.S.C. § 362, secured creditor CenterState Bank, N.A., formerly known as National Bank of Commerce ("CSB"), files this Motion for Relief from Automatic Stay ("Motion"). CSB waives the thirty (30) day hearing requirement in connection with the Motion, and in support hereof, CSB states as follows:

### I. JURISDICTION AND PARTIES

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (G).

2. CSB is a national banking association chartered under the laws of the United States of America. CSB is authorized to transact business in the state of Georgia, and it does business in the state of Georgia and in Fulton County, Georgia.

## II.     FACTS

3. Debtor Do @ King Plow Arts Center, LLC ("Debtor"), filed its Voluntary Petition for Chapter 11 protection on January 2, 2020.

4. Debtor executed that certain U.S. Small Business Administration ("SBA") Note dated May 12, 2017, to or for the benefit of National Bank of Commerce, in the original principal amount of $1,190,000.00 ("Note-1").  A true and correct copy of Note-1 is attached hereto as **Exhibit A**.

5. Note-1 is secured by that certain Deed to Secure Debt, Security Agreement and Fixture Filing ("Deed-1") dated May 12, 2017, which was executed by Debtor to National Bank of Commerce, and recorded May 16, 2017, in Deed Book 57512, Page 207, Fulton County, Georgia records.  A true and correct copy of Deed-1 is attached hereto as **Exhibit B**.

6. In addition, Note-1 is secured by that certain Assignment of Leases and Rents dated May 12, 2017, recorded in Deed Book 57512, Page 223, Fulton County, Georgia records ("Assignment-1").  A true and correct copy of Assignment-1 is attached hereto as **Exhibit C**.

7. Debtor executed that certain U.S. Small Business Administration Note dated May 31, 2017, to or for the benefit of National Bank of Commerce, in the original principal amount of $700,000.00 ("Note-2").  A true and correct copy of Note-2 is attached hereto as **Exhibit D**.

8. Note-2 is secured by that certain Deed to Secure Debt, Security Agreement and Fixture Filing ("Deed-2") dated May 31, 2017, which was executed by Debtor to National Bank of Commerce, recorded June 6, 2017, in Deed Book 57581, Page 591, Fulton County, Georgia records.  A true and correct copy of Deed-2 is attached hereto as **Exhibit E**.

9. In addition, Note-2 is secured by that certain U.S. Small Business Administration Security Agreement dated May 31, 2017, executed by Debtor to or for the benefit of National Bank

of Commerce ("Security Agreement"), and that certain Assignment of Leases and Rents dated May 31, 2017, recorded in Deed Book 57581, Page 607, Fulton County, Georgia records ("Assignment-2," together with Note-1, Note-2, Deed-1, Deed-2, Assignment-1, the Security Agreement, and any and all other documents executed herewith, the "Loan").  The Security Agreement grants National Bank of Commerce a security interest in all of Debtor's equipment, machinery, furniture and fixtures as set forth in Exhibit A to the Security Agreement, as well as all of Debtor's inventory, raw materials, accounts receivable, contract rights, instruments, chattel paper, and general intangibles.  A true and correct copy of the Security Agreement is attached hereto as **Exhibit F**, and a true and correct copy of Assignment-2 is attached hereto as **Exhibit G**.

10. CSB is the current holder of both Note-1 and Note-2, and it is the holder of both Deed-1 and Deed-2.

11. CSB has a perfected first-priority lien in certain personal property set forth in the Security Agreement ("Personal Property"), as evidenced by a true and correct copy of that certain UCC Financing Statement 0602017-04315, filed and recorded June 7, 2017, with respect to the Personal Property and other collateral, which is attached hereto as **Exhibit H**.

12. Both Deed-1 and Deed-2 encumber the real property commonly known as 517 Jones Avenue, Atlanta, Fulton County, Georgia, 30318, which is more particularly described in Exhibit A to Deed-1, as well as Exhibit A to Deed-2 ("Real Property," together with the Personal Property, the "Property").

13. The 2019 taxed appraised value of the Real Property equals $1,676,900.00.

14. CSB is in possession of an appraisal report dated April 4, 2019, which values the Real Property at $1,650,000.00.

15. As of February 7, 2020, Debtor is indebted to CSB under both Note-1 and Note-2 in the amount of $1,598,755.92, excluding attorneys' fees and expenses, and both Note-1 and Note-2 are in default. Note-1 continues to accrue interest in the amount of $225.74 for each and every day after February 7, 2020; Note-2 continues to accrue interest in the amount of $61.98 for each and every day after February 7, 2020.

### III.     ANALYSIS

16. Based upon the value of the Real Property, Debtor has little or no equity in the Property.

17. At the February 5, 2020, meeting of creditors, Debtor stated that it is not currently operating its business and does not have any cash flow.

18. As Debtor is not operating and has no cash flow, Debtor has no ability to reorganize.

19. Because there is little or no equity in the Property and the Property is not necessary for reorganization, CSB is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(2).

20. Furthermore, cause exists to grant CSB relief from the automatic stay with respect to the Property under 11 U.S.C. § 362(d)(1) because no adequate protection has been proposed to protect CSB from further loss of CSB's interest in the Property.

### IV.     REQUESTED RELIEF

WHEREFORE, CSB requests that this Court:

(a)     Set this Motion for hearing;

(b)     Grant CSB immediate relief from the automatic stay with respect to the Property in order to allow CSB to proceed with non-judicial foreclosure of its security deeds and confirm the foreclosure sale(s), and to repossess and sell any personal property subject to the loan documents, and that the 14 day stay set forth in Fed. R. Bankr. P. 4001(a)(3) be waived;

(c) Require that CSB be granted adequate protection pending relief from the stay; and,

(d) Grant all other appropriate relief.

This 11th day of February, 2020.

Respectfully submitted,

*/s/ Kellie Turner Holt*
KELLIE TURNER HOLT, ESQ.
Georgia Bar No. 711154
**QUIRK & QUIRK, LLC**
300 Century Springs West
6000 Lake Forrest Drive NW
Atlanta, GA 30328
Telephone: (404) 252-1425
Facsimile: (404) 671-9135
kth@quirklaw.com

***Counsel for CenterState Bank, N.A.***

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **In re: DO @ KING PLOW ARTS CENTER, LLC, Debtor.** | **Case No. 20-60066-JWC**<br>**Chapter 11** |
| **CENTERSTATE BANK, N.A., f/k/a National Bank of Commerce,**<br><br>    **Movant,**<br><br>**v.**<br><br>**DO @ KING PLOW ARTS CENTER, LLC,**<br><br>    **Respondent.** | **MOTION FOR RELIEF FROM AUTOMATIC STAY AND WAIVER OF HEARING REQUIREMENT** |

## NOTICE OF HEARING ON MOTION FOR RELIEF FROM STAY

MOVANT HAS FILED DOCUMENTS WITH THE COURT SEEKING RELIEF FROM THE AUTOMATIC STAY, ALL AS IS MORE PARTICULARLY SET FORTH IN THE ATTACHED MOTION FOR RELIEF FROM AUTOMATIC STAY.

**YOUR RIGHTS MAY BE AFFECTED. You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Movant or at the Clerk's office.**

If you do not want the court to grant relief from the automatic stay or if you want the court to consider your views on the motion for relief from automatic stay, then you or your attorney shall attend the hearing scheduled to be held on

**March 12, 2020, at 10:00 a.m. in Courtroom 1203 at the U.S. Courthouse, located at 75 Ted Turner Drive, SW, in Atlanta, Georgia.**

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting relief.**

Dated this 11th day of February, 2020.

<u>Document prepared by</u>:
KELLIE TURNER HOLT
Georgia Bar No. 711154
**QUIRK & QUIRK, LLC**
300 Century Springs West
6000 Lake Forrest Drive NW
Atlanta, GA  30328
Telephone: (404) 252-1425
Facsimile: (404) 671-9135
kth@quirklaw.com
***Counsel for CenterState Bank, N.A***